UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIM GRIMES** | * | Civil Action #_____ |
| | * | |
| | * | |
| v. | * | Division _____ Section _____ |
| | * | |
| | * | |
| **TEXTRON, INC. dba TEXTRON** | * | Magistrate_____ |
| **MARINE AND LAND SYSTEMS,** | * | |
| **LIBERTY MUTUAL INSURANCE** | * | |
| **COMPANY, RANDALL E. BRAY,** | * | |
| **NATIONAL RAILROAD** | * | |
| **PASSENGER CORPORATION** | * | |
| **dba AMTRAK, ALABAMA** | * | |
| **GREAT SOUTHERN RAILROAD** | * | |
| **COMPANY, and the CITY OF** | * | |
| **SLIDELL, LOUISIANA** | * | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## AND DEMAND FOR TRIAL BY JURY

1. Plaintiff **KIM GRIMES**, a citizen of the State of Louisiana, respectfully files this Complaint, as follows:

### PARTIES

2. **KIM GRIMES**, resident and citizen of Louisiana, plaintiff.

3. **TEXTRON, INC. dba TEXTRON MARINE AND LAND SYSTEMS**, a Delaware corporation organized under the law of Delaware and having its principal place of business in Rhode Island;

4. **LIBERTY MUTUAL INSURANCE COMPANY**, a corporation organized under the law of Massachusetts with its principal place of business in the state of Massachusetts;

- 1 -

5. **RANDALL E. BRAY**, a citizen of the state of Louisiana;

6. **NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK**, a corporation created under the Rail Passenger Service Act of 1970 and organized under the law of the District of Columbia, with its principal place of business in Washington, D.C.;

7. **ALABAMA GREAT SOUTHERN RAILROAD COMPANY**, a corporation organized under the law of Alabama with its principal place of business in the state of Virginia;

8. **THE CITY OF SLIDELL, LOUISIANA**, a Louisiana political corporation and municipality, organized under the law of Louisiana.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's claims against **NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK** under 28 USC §§ 1331 and 1349, because Amtrak is a federally chartered corporation, with more than half of its capital stock owned by the United States of America.

10. This Court has jurisdiction over the claims against all other defendants, by virtue of the supplemental jurisdiction conferred by 28 USC § 1367(c).

11. This Court has jurisdiction over Plaintiff's claims against **LIBERTY MUTUAL INSURANCE COMPANY**, by virtue of the supplemental jurisdiction conferred by 28 USC § 1367(c) and also under the diversity jurisdiction, 28 USC § 1332.

12. This Court has jurisdiction over Plaintiff's claims against **TEXTRON, INC. dab TEXTRON MARINE**, by virtue of the supplemental jurisdiction conferred by 28 USC § 1367(c) and also under the diversity jurisdiction, 28 USC § 1332.

13. This Court has jurisdiction over Plaintiff's claims against **RANDALL E. BRAY**, by virtue of the supplemental jurisdiction conferred by 28 USC § 1367(c).

14. This Court has jurisdiction over Plaintiff's claims against **ALABAMA GREAT SOUTHERN RAILROAD CO.**, by virtue of the supplemental jurisdiction conferred by 28 USC § 1367(c) and also under the diversity jurisdiction, 28 USC § 1332.

15. This Court has jurisdiction over Plaintiff's claims against **THE CITY OF SLIDELL, LOUISIANA**, by virtue of the supplemental jurisdiction conferred by 28 USC § 1367(c).

16. Venue is proper in this Court under 28 USC 1391(b)(2), as this Court is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## FACTS

17. Defendants are liable and indebted to Plaintiffs for such damages as are reasonable in the premises, including property damage, past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, and permanent disability to the body, loss of consortium together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings, for the following:

## COUNT I- DEFENDANTS BRAY, LIBERTY MUTUAL, AND TEXTRON

18. On or about **April 20, 2011**, Amtrak Train No. 20, known as the "Crescent," was travelling northbound toward the railroad grade crossing located at a private road known as Cleveland Avenue, in Slidell, Louisiana. This crossing is given DOT no. 725-160T.

19. As the train approached the crossing, the Amtrak train timely sounded the horn on the engine as required by federal law, while operating the train within the speed limits set by the Federal Railroad Administration, and in all other respects lawfully operated the train.

20. As the train approached the crossing, defendant Randall E. Bray drove a tractor-trailer owned by defendant Textron toward the crossing.

21. The crossing is equipped with a stop sign. Defendant Bray entered the crossing without stopping his vehicle at the stop sign or at any time prior to the collision, and failed to look or listen for oncoming trains.

22. As a result of his negligent entrance into the crossing, Bray's vehicle struck the Amtrak train, causing the train to derail, and causing severe and disabling injuries to Plaintiff.

23. At all relevant times **Randall E. Bray** was acting in the course and scope of employment with **TEXTRON, INC. dba TEXTRON MARINE**, or acting on a mission or errand or on behalf of **TEXTRON, INC. dba TEXTRON MARINE**, thus rendering **TEXTRON, INC. dba TEXTRON MARINE** liable to plaintiff along with all other named defendants.

24. At all relevant times, **LIBERTY MUTUAL INSURANCE COMPANY** provided a policy of liability insurance on the vehicle operated by Defendant **Randall E. Bray**, on the date of this accident, which provided coverage for the type of loss sued upon, thus rendering **LIBERTY MUTUAL INSURANCE COMPANY**, liable to petitioners with the other named defendants.

25. The sole and proximate cause of the above referenced accident was the negligence and fault of the defendant, **Randall E. Bray**, which is attributed to but not limited to the following non-exclusive particulars:

   a. Crossing the railroad track without checking for oncoming trains;

   b. Failure to bring his vehicle to a complete stop before crossing;

   c. Failure to look and listen for a train;

   d. Failure to see what he should have seen;

   e. Failure to keep a good and careful lookout;

   f. Failure to maintain reasonable and proper control of the vehicle which he was operating;

   g. Driving at a speed greater than was reasonable and prudent under the circumstances;

   h. Operating his vehicle in a careless and reckless manner without regard for the safety of others;

   i. Any and all other acts of negligence which may be proven at the trial of this matter.

## COUNT II- DEFENDANTS AMTRAK, ALABAMA GREAT SOUTHERN RAILROAD COMPANY, and the CITY OF SLIDELL, LOUISIANA

26. **In the alternative to Count I**: On or about **April 20, 2011**, Amtrak Train No. 20, known as the "Crescent," was travelling northbound toward the railroad grade crossing located at a private road known as Cleveland Avenue, in Slidell, Louisiana. This crossing is given DOT no. 725-160T.

27. At all relevant times, Bray was an employee of Textron, acting in the course and scope of his employment with Textron.

28. At all relevant times, **ALABAMA GREAT SOUTHERN RAILROAD COMPANY** was a wholly owned subsidiary of Norfolk Southern Railroad, and **ALABAMA GREAT SOUTHERN RAILROAD COMPANY** owned and/or maintained the tracks in the area where this accident occurred. This area is sometimes referred to as the "Alabama Division line" of Norfolk Southern.

29. On April 20, 2011, Textron employee Bray was traveling north on Front Street in Slidell, Louisiana, driving a 2008 Kenworth tractor leased by Textron with an attached trailer owned by Textron, which tractor-trailer is 65 feet in total length, when he stopped to make a left

- 8 -

turn from Front Street onto Cleveland Avenue, to enter the facility leased to and operated by his employer, Textron.

30. Norfolk Southern's Alabama Division line runs north/south through the City of Slidell and crosses Cleveland Avenue west of its intersection with Front Street. The distance along Cleveland Avenue from the western margin of Front Street to the eastern margin of the Norfolk Southern / **ALABAMA GREAT SOUTHERN RAILROAD COMPANY** railroad track is approximately 60 feet.

31. As Bray was making the tum from Front Street onto Cleveland Avenue, he was aware that the length of the tractor-trailer he was driving exceeded the length of Cleveland Avenue between Front Street and the Norfolk Southern / **ALABAMA GREAT SOUTHERN RAILROAD COMPANY** railroad crossing. Bray was concerned about the hazard to motorists on Front Street that would be created if he were to stop on Cleveland Avenue before crossing the track, because if he did, his 65-foot-long tractor-trailer would not have cleared the Front Street intersection.

32. As Bray approached the Cleveland Avenue railroad crossing, he was unable to see down the Norfolk Southern / **ALABAMA GREAT SOUTHERN RAILROAD COMPANY** track to the south, as the view is obstructed by a line of trees running parallel to the railroad track, the trunks of which are approximately 28 feet from the centerline of

the track. The trunk of the northernmost tree in the line of trees is approximately 82 feet from the centerline of Cleveland Avenue.

33. As Bray attempted to cross the Norfolk Southern / **ALABAMA GREAT SOUTHERN RAILROAD COMPANY** track at Cleveland Avenue, an Amtrak train traveling north at a high rate of speed through the City of Slidell struck the westbound tractor-trailer driven by Bray. Bray could not and did not see the oncoming train until he was dangerously near or on the track.

34. The Cleveland Avenue crossing is not protected with active barriers or mechanical warning devices, but instead is marked only with improperly placed railroad cross-buck signs, stop signs, and advance warning signs. These passive controls do not provide effective warning of an oncoming train to motorists, including Bray, who are faced with the special dangers associated with the Cleveland Avenue crossing.

35. On information and belief, the area of land bounded on the east by Front Street, on the west by Norfolk Southern's Alabama Division line, on the north by the 60 feet of Cleveland Avenue leading to the crossing, and on the south by the stretch of Bayou Liberty Road leading to its crossing, including the trees and vegetation growing thereon, were at all times prior to and at the time of the April 20, 2011 accident owned by, controlled by, and/or within the custody of Amtrak,

Norfolk Southern / **ALABAMA GREAT SOUTHERN RAILROAD COMPANY**, or the City of Slidell.

36. On information and belief, Amtrak, Norfolk Southern, **ALABAMA GREAT SOUTHERN RAILROAD COMPANY**, and the City of Slidell, were at all times prior to and at the time of the April 20, 2011 accident aware of the special dangers associated with the Cleveland Avenue crossing, particularly as related to the known requirement for tractor-trailers to turn from Front Street onto Cleveland Avenue and immediately intersect the Cleveland Avenue crossing, which special dangers include but are not limited to obstructions to motorists' sight lines, lack of effective warning devices, poor design of the Cleveland Avenue crossing as related to the intersection of Front Street and Cleveland Avenue, and the unreasonable speed of approaching trains under these circumstances. Despite their awareness of such dangers, Amtrak, Norfolk Southern, **ALABAMA GREAT SOUTHERN RAILROAD COMPANY**, and/or the City of Slidell, failed to take adequate steps, and at all times prior to and at the time of the April 20, 2011 accident were aware that adequate steps had not been taken, to protect motorists against the special dangers posed by the Cleveland Avenue crossing, including but not limited to removing the obstructions to motorists' sight lines, installing active controls at the crossing, or, alternatively, closing the crossing or implementing

designations, rules, and/or procedures to ameliorate the danger to motorists.

37. Under these circumstances, the April 20, 2011 accident was caused in whole or in part by the negligent acts, omissions, and/or culpable conduct of Amtrak, Alabama Great Southern Railroad Company, and the City of Slidell, in the following non-exclusive particulars:

   a. Failure to apply adopted standards and recognized best practices relative to the evaluation of the Cleveland Avenue crossing and the identification and installation of proper controls for the crossing;

   b. Failure to maintain the Cleveland Avenue crossing as a safe crossing for motorists;

   c. Failure to provide and/or maintain required and/or adequate sight distances at the Cleveland Avenue crossing;

   d. Failure to maintain the trees and vegetation south of Cleveland Avenue so that the view of motorists approaching the crossing is not obstructed;

   e. Failure to install active controls at the Cleveland Avenue crossing or, alternatively, failure to close the Cleveland Avenue crossing, or to implement designations, rules, and/or procedures to ameliorate the danger to motorists;

      f.      Failure of Norfolk Southern / **ALABAMA GREAT SOUTHERN RAILROAD COMPANY** to properly install the passive controls in place at the Cleveland Avenue crossing on April 20, 2011, including the stop signs, railroad cross-buck signs, and advance warning signs;

      g.      Failure of Norfolk Southern / **ALABAMA GREAT SOUTHERN RAILROAD COMPANY** to ameliorate the special dangers of the Cleveland Avenue crossing and to take all precautions necessary under the circumstances to make the Cleveland Avenue crossing safe for motorists, including failure to reduce the speed for trains traversing the Cleveland Avenue crossing and/or failure to increase controls at the crossing;

      h.      Failure of Amtrak to ameliorate the special dangers of the Cleveland Avenue crossing and to take all precautions necessary under the circumstances to make the Cleveland Avenue crossing safe for motorists, including failure to reduce the speed at which its trains traverse the Cleveland Avenue crossing;

      i.      Failure of the City of Slidell to ameliorate the special dangers of the Cleveland Avenue crossing and to take all precautions necessary under the circumstances to make the Cleveland Avenue crossing safe for motorists; and

  j. Other negligent acts, omissions, and/or culpable conduct to be shown at trial.

38. As a result of the negligent acts, omissions, and/or culpable conduct of the defendants listed in Count II, either alone or in conjunction with each other and/or in conjuction with the defendants listed in Count I, the losses and damages sustained by Plaintiff were proximately caused, in whole or in part, by the defendants listed in Count II.

## DAMAGES

39. As a direct and proximate result of the negligence of Defendants, plaintiff suffered past, present and future pain and suffering, mental anguish, physical impairment, permanent disability to the body, past and future wage loss and loss of earning capacity, and all other damages which may be proved at trial.

## JURY DEMAND

40. Plaintiff demands trial by jury.

## PRAYER

41. For these reasons, Plaintiff asks for judgment against defendants for $1,500,000 in actual damages, against any and all defendants, jointly and in solido in amounts as are reasonable in the premises, including but not limited to, past physical pain and suffering, future physical

pain and suffering, past mental pain and suffering, future mental pain and suffering, rental expenses, property damage, loss of use and/or depreciation of vehicle, past and future medical expenses, loss of past and future earnings, loss of future earning capacity, permanent disability of the body, loss of consortium, loss of enjoyment of life, and penalties and attorney's fees, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

Plaintiff further prays for all general and equitable relief.

Respectfully submitted:

**Edward J. Womac, Jr. & Associates, LLC**


*/s/Brian King*_____
EDWARD J. WOMAC, JR. #02195
BRIAN KING, #24817
3501 Canal Street
New Orleans, LA 70119
Phone 504-486-9999
Fax 504-488-4178
E-mail: bking@edwardwomac.com